

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

**MEMO ENDORSED**

*Justin A. Schwamb, Esq.*
*Telephone: (516) 747-0300, ext. 183*
*Facsimile: (516) 237-2893*
*Email: jschwamb@meltzerlippe.com*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/11/2026_____

May 8, 2026

**Via ECF**
The Honorable Judge Valerie Caproni
United States District Judge for the
Southern District of New York
500 Pearl Street, Chambers 1930
New York, NY 10007

> **Re:**    ***Hernandez v. Highgate Hotels, L.P.***
> **Docket No.: 1:26-cv-01281-VEC**
> **MLGB File No.: 13671-00100**

Dear Judge Caproni:

This Firm represents Defendant Highgate Hotels, L.P. ("Highgate") in the above-referenced matter. Defendant writes pursuant to Rule 2(A) of Your Honor's Individual Rules and this Court's Third Amended Standing Administrative Order to respectfully request this matter be exempt from mandatory mediation.

In this regard, the parties engaged in prelitigation settlement discussions wherein Highgate provided a last, best, and final offer ("Offer") to Plaintiff, which was declined. Moreover, the discrepancy between the Offer and Plaintiff's demand is significant. The undersigned participated in a meet-and-confer with Plaintiff's counsel, who does not consent or object to this request. Accordingly, Highgate believes participation in Mediation, at this point, would be futile. *See Trotter v. Nat'l Football League,* 2024 WL 6846475, at *1 (S.D.N.Y. July 30, 2024) ("This Judge's consistent practice since 2015 has been to relieve parties from such mediation unless all parties request mediation."); *see also Stockbridge-Munsee Cmty. v. Oneida Indian Nation of New York,* 2003 WL 21715863, at *1 (N.D.N.Y. July 24, 2003) ("The State's unwillingness to discuss settlement of the case suggests that forced mediation would likely be futile."). As a final note, the Mediator Schedule is currently due on May 26, 2026.

We sincerely thank the Court for its time and consideration of the foregoing.

Respectfully submitted,

Justin A. Schwamb

cc:    All Counsel *(via ECF)*

Given Defendant's representation that the parties have already attempted mediation, the application for an exemption from the Court-annexed mediation program is GRANTED.  The Order of Automatic Referral to Mediation, Dkt. 10, is REVOKED.  The Court will enter a separate order setting an initial pretrial conference in this matter.


SO ORDERED.

5/11/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE