UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JOSE HERNANDEZ

Plaintiff,

-V-

HIGHGATE HOTELS, L.P.

Defendant.

-----------------------------------------------------------------------X

26-CV-01281(VEC)
**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

**WHEREAS,** Jose Hernandez ("Plaintiff") and Highgate Hotels, L.P. ("Defendant") are engaged or will be engaged in discovery in this matter;

**WHEREAS,** some of the information or documents to be sought by the parties is of a confidential, proprietary and/or personal nature, and or otherwise protected by privacy regulations;

**WHEREAS,** the purpose of this Confidentiality Stipulation and Protective Order ("Stipulation") is to permit the parties to discover such information and documents pursuant to procedures designed to protect and preserve the confidentiality of that material;

**WHEREAS,** the parties wish to complete discovery as expeditiously as possible, while preserving, and without waiving, any privileges applicable to the information contained in the documents and data produced, including as against third parties.  In addition to this agreement, the parties seek to invoke the protections under Federal Rule of Evidence 502(d) and (e) to do so;

**WHEREAS,** this Stipulation is designed to foreclose any arguments regarding whether privileged documents or data (including without limitation, metadata) could be produced in discovery without waiving a legally recognized privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege.  In this manner the

parties seek to avoid arguments over whether such production was inadvertent, whether the party producing documents ("Producing Party") took reasonable steps to prevent the disclosure of privileged documents, data or information and whether the Producing Party took steps to rectify an inadvertent disclosure and/or waiver; and,

**WHEREAS,** to protect confidential, privileged and/or privacy-protected documents, including electronically stored information, the parties by their undersigned attorneys shall follow the procedures set forth below with respect to all information and materials disclosed during the course of this action (including, but not limited to, information disclosed during any informal discovery or production of documents that may occur through cooperation/agreement of the parties; during formal discovery; in any pleading, document, affidavit, interrogatory answer, response to any demand for the production of documents, response to requests for admission, brief, motion, mediation statement, if any, transcript or other writing) ("Information") which one party or another claims is confidential and should be protected by this Stipulation;

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED,** the parties shall adhere to the following procedure(s) with respect to Information that one party or another designates as "Confidential Information":

1. **Designation and Use of "Confidential Information":**

(a)     The parties may designate Information that they reasonably and in good faith believe should be protected by this Stipulation as "Confidential Information" by stamping or marking the document containing Confidential Information with the legend "CONFIDENTIAL INFORMATION", prior to its production. Confidential Information means any and all: (i) sensitive business and proprietary Information (including trade secrets, business or marketing plans, non-public financial, and accounting information);  (ii) sensitive personal Information

4918-6636-4338, v. 3

including individually identifiable medical information, financial information, social security numbers, etc. pertaining to any individuals, including but not limited to, Defendants' past or present employees, and/or Defendants' past or present clients/guests; (iii) Information the disclosure of which creates a reasonable probability of exposing a party or non-party to some form of harassment, threat, ridicule or reprisal; and that such Information is one that a party would not normally reveal to others, has taken reasonable precautions to preserve as confidential or reasonably cause others to maintain in confidence, was created or received in confidence and has not been disclosed to others without confidentiality precautions.

      (b)    Confidential Information, includes, without limitation, trade secrets; client/guest lists or the equivalent thereof; financial information; material relating to ownership or control of any non-public company; business and marketing plans; any information pertaining to a client/guest, including such information protected by privacy laws; other information which, if revealed to a competitor, may be used to the competitor's advantage; any information of a personal or intimate nature regarding an individual such as his/her social security number, employment history, personnel file(s), salary, benefits, medical information, date of birth, and credit card information; transcripts of all depositions taken in this matter and any other category of information the Court subsequently affords confidential status. This Stipulation pertains only to Confidential Information and does not limit the use or disclosure of material which has been obtained by any party from any other source including, without limitation, material which: (i) is or becomes public knowledge or known to others outside of this action; (ii) is acquired by a non-designating party from a third-party; or (iii) was possessed by a non-designating party prior to commencement of this action. If the propriety of the designation is disputed by the other party, the dispute shall be resolved as provided in paragraph 2 below.

4918-6636-4338, v. 3

(c)    In the case of a hearing or deposition transcript, the parties' designation of all or any portion of any transcript (including exhibits) deemed to contain "Confidential Information" shall be made by designating such portion as described above.  If the propriety of the designation is disputed by the other party, the dispute shall be resolved as set forth in paragraph 2.

(d)    If at any time before this action concludes, a party realizes that it should have designated Information that it previously produced without limitation, as Confidential, said party may so designate such material as Confidential by so apprising all prior recipients in writing. Thereafter, the Court and all persons subject to this Stipulation will treat such designated portion(s) of the Information as Confidential.

2.    **<u>Disputes Regarding Designation of Material</u>:**

(a)    If the propriety of any designation of Information as "Confidential Information" is disputed by Plaintiff or Defendant, the Information shall be treated as "Confidential Information" until the dispute is resolved as provided herein.  The parties will make all reasonable efforts to resolve such disputes among themselves.  Prior to seeking relief from the Court, the parties will confer in good faith about why one side believes the Information is not "Confidential Information." If a party refuses to withdraw the "Confidential Information" designation, then the party contending the Information does not qualify as Confidential Information shall move the Court for an order removing the designation of the Information as Confidential Information within fourteen (14) days of its demand to the other party to remove the designation.  The Information so designated shall be subject to this Stipulation as Confidential Information until a determination by the Court.

4918-6636-4338, v. 3

(b)    The Court in this matter retains discretion whether to afford confidential treatment to any Information designated as Confidential Information and submitted to it in connection with any proceeding that may result in its order award and/or decision.

3.    **Disclosure and Use of "Confidential Information":**

(a)    Until and unless the Court determines otherwise, Information that is designated "Confidential Information" shall not be shown to, discussed with, or otherwise disclosed or made available to any person by either party or their counsel other than to "Qualified Persons" as defined in paragraph 4 below who have been informed of this Stipulation and have been advised of its terms and of the Stipulation's application to them.  No other person shall have access to such "Confidential Information" without the written approval of counsel in this action. Further, no other person shall be informed of the contents and nature of such "Confidential Information" by any person having access thereto.

(b)    "Confidential Information" may be used by Plaintiff and Defendant and their counsel solely for the prosecution and/or defense of this action and the confirmation of any award herein and for no other purpose. "Confidential Information" shall not be disseminated by any means to the press, media, or any other person or entity not designated as a "Qualified Person." Nothing in this Stipulation, however, will affect or restrict the rights of any party with respect to its own documents or information produced in this action.

(c)    Each person who has access to Information designated as Confidential Information pursuant to this Stipulation must take all due precautions to prevent the unauthorized or inadvertent disclosure of such Information.

(d)    In the event that a party wishes to use documents/information designated by the opposing party as "Confidential Information" in support of or in opposition to a motion, the

5

party wishing to do so must first make a good-faith effort to file such documents/information under seal in compliance with the procedure set forth in this sub-paragraph.  In the event that a party wishes to use documents/information designated by the opposing party as "Confidential Information" in support of or in opposition to a motion, the party wishing to do so must notify the opposing party at least 12 calendar days before moving to file such documents/information under seal or as soon as practicable if circumstances make it impossible to provide the opposing party at least 12 calendar days notice. Upon receiving such notice, the opposing party shall promptly supply the argument for why the Court should allow the documents/information at issue to be filed under seal. If the Court denies the motion to seal, the party wishing to file the documents/information shall be allowed to file such documents/information in non-sealed form and such party will not be in violation of this Stipulation/Order by doing so.  The applicable filing deadline will be satisfied if by such deadline the party wishing to use documents/information designated by the opposing party as "Confidential Information" in support of or in opposition to a motion files all portions of such party's motion, opposition to a motion,  reply, or  sur-reply that do not contain documents/information designated by the opposing party as "Confidential Information" in non-sealed form and move for permission to file under seal the portion(s) of such motion, opposition, reply, or sur-reply containing documents/information designated by the opposing party as "Confidential Information".

(e)    In the event that the Court schedules a trial in this action, the parties will promptly propose procedures for how documents/information designated by a party as "Confidential Information" shall be handled at trial.

4.    **<u>Definition of "Qualified Persons"</u>:** As used herein, "Qualified Persons" consist of:

4918-6636-4338, v. 3

(a)   the Parties to this action, their insurers, and counsel to their insurers;

(b)   counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter (collectively "legal staff");

(c)   outside vendors or service providers (such as copy service providers and document-management consultants) that counsel hire and assign to this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit "A";

(d)   the Court, its personnel and court reporters;

(e)   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)   any witness, that counsel for a Party, in good faith believes may be called to testify at trial or deposition in this action; provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit "A;"

(g)   any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit "A";

(h)   stenographers engaged to transcribe depositions the Parties conduct in this action;

(i)   any appellate court, its support personnel, and court reporters; and/or

(j)   any jury in this action.

5.   **Execution of Non-Disclosure Agreement:**  Before disclosing any "Confidential Information" to any person referred to in subparagraphs 4(c), 4(f), or 4(g) above, said person must be provided a copy of this Stipulation, and must sign a Non-Disclosure Agreement in the form annexed as Exhibit "A" hereto stating that he or she has read this Stipulation and agrees to be bound by its terms.  Each signed Non-Disclosure Agreement must be held in escrow and produced to opposing counsel, either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever occurs first.  Nothing contained herein shall limit the duty

4918-6636-4338, v. 3

or obligation of a party to produce documents in a timely manner pursuant to the Federal Rules of Civil Procedure or pursuant to any agreed extension by the opposing party's counsel of record.

6.    **Unauthorized Disclosure of Confidential Information**: If "Confidential Information" is disclosed to any person other than in the manner authorized by this Stipulation, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such Information.

7.    **Third-Party Requests for Confidential Information**: In the event Plaintiff, Defendant or any "Qualified Person" is required by subpoena or Court Order outside of this action to produce or disclose any specified "Confidential Information," that person or counsel for that person shall, if permitted by law, give at least fifteen (15) days written notice, or as much notice as possible, to counsel for the Plaintiff or Defendant, as the case may be.  The notice given to Plaintiff or Defendant will include the identity (name, address, and occupation) of each person who has requested such disclosure and the purported reason for the necessity of the disclosure. Should either party object to the disclosure, they may take action to prevent the disclosure; but nothing herein shall obligate the party receiving the subpoena or Court order to refuse to abide by its directions after the fifteen (15) day notice period has expired.

8.    **FRE 502 Privilege Protections:**

(a)    The disclosure or production of documents by a party subject to a legally recognized claim of privilege, including without limitation, the attorney-client privilege and the

8

work-product doctrine, to a party receiving documents ("Receiving Party"), shall in no way constitute the voluntary disclosure of such document.

(b)     The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)     If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"), the Receiving Party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;  (ii) immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by Bates number range; and (iv) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  Notwithstanding the foregoing, the Receiving Party is under no obligation to search or review the Producing Party's documents to identify potentially privileged or work product Protected Documents.

(d)     If the Producing Party intends to assert a claim of privilege or other protection over documents identified by the Receiving Party as Protected Documents, the

4918-6636-4338, v. 3

Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document contains non-privileged or non-protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(e)    If, during the course of this litigation, a party determines it has produced a Protected Document, the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by Bates number range, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(f)    The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the

10

4918-6636-4338, v. 3

extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(g)    To the extent that the information contained in a Protected Document has already been used in, or described in, other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth above, then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(h)    The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that: (i) the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection; (ii) the disclosure of the Protected Documents was not inadvertent; (iii) the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or (iv) the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(i)    Either party may submit Protected Documents to the Court under seal or *in camera* for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent a determination by the Court.

(j)      Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

9.      **Reservation of Rights:**  Nothing contained in this Stipulation will be construed as:

(a)      a waiver by a party or person of its right to object to any discovery request, including but not limited to, production of any Information on grounds other than confidentiality;

(b)      a waiver of any privilege or protection;

(c)      a waiver by a party of its right to object to the admissibility of any documents and/or information produced subject to this Stipulation; and

(d)      a ruling regarding admissibility at trial of any document, testimony or other evidence. In the event that "Confidential Information" is admitted into evidence at the Action, the "Confidential Information" designations shall not be removed.

10.      **Return of Confidential Information:** "Confidential Information" is to be preserved as confidential both during and after final disposition of this action.  Upon request, within thirty (30) days of the final settlement or conclusion of the matter, or the issuance of the Court's award, all documents containing "Confidential Information," including, without limitation, originals, copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the "Confidential Information" (in all media and formats), shall be destroyed and confirmation in writing shall be supplied to all parties attesting to their destruction.  If Plaintiff or Defendant furnishes any "Confidential Information" to any expert or to any other person, said

party shall be responsible for ensuring that all such "Confidential Information," whether in original, copied or other form, is promptly destroyed.  Notwithstanding this provision, any attorney specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence or attorney-work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Stipulation.

11.    **Full Force and Effect:** This Stipulation, even if not "So Ordered" or endorsed by the Court shall be deemed to be an enforceable agreement by and between the parties. This Stipulation shall survive the termination of this action and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

12.    **Contempt Proceedings:** The Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

13.    **Further Protective Orders:** This Stipulation shall not prevent any party from applying to the Court for relief herefrom, or from applying to the Court for further or additional Stipulations pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, or from agreeing among themselves to modify or vacate this Stipulation, subject to the approval of the Court.

14.    The restrictions stated in this Stipulation may be extended to additional documents or Information by agreement of the Parties.

15.    Should there be any ambiguity with respect to the interpretation of this Stipulation, no inference will be drawn against the drafter of the Stipulation in connection with said dispute. This Stipulation will be interpreted without regard to the identity of the drafter of the Stipulation.

4918-6636-4338, v. 3

16.     This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. Facsimile transmission or electronic copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same.

Dated: June 18, 2026

| | |
|---|---|
| **MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP** | **THE LAW OFFICE OF JON A. STOCKMAN** |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |

By:_____

Justin A. Schwamb, Esq.
190 Willis Avenue
Mineola, New York 11501
T:  (516) 747-0300
jschwamb@meltzerlippe.com

By:_____

Jon A. Stockman, Esq.
11 Broadway, Suite 615
New York, New York 10004
T: 516-547-6418
jstockman@yournycattorney.com

Notwithstanding anything in the foregoing to the contrary, the parties, to the extent they wish to file materials under seal or in redacted form, must comply with Rule 5 of the Undersigned's Individual Practices in Civil Cases.

SO ORDERED.

6/22/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

4918-6636-4338, v. 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JOSE HERNANDEZ

                              Plaintiff,

            -V-                                      26-CV-01281(VEC)
                                                     **NON DISCLOSURE**
                                                     **AGREEMENT**

HIGHGATE HOTELS, L.P.

                              Defendant.
-------------------------------------------------------------------------X

    1.   My name is _____. I reside at _____.

    2.   I acknowledge that I have read and understand the Stipulation in this action governing the non-disclosure of Information that has been designated as Confidential Information.

    3.   I agree that I will not disclose such Confidential Information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will promptly destroy all Confidential Information I received and promptly provide to counsel for Plaintiff and Defendant an affidavit attesting to the destruction of said Confidential Information.

    4.   I understand that any use or disclosure of Confidential Information obtained by me that is in any manner contrary to the provisions of the parties' Stipulation will subject me to sanctions and or liability in my personal capacity for damages.

5.    I agree to submit myself to the personal jurisdiction of the above-captioned Court in connection with any proceedings concerning the Parties' Stipulation.

_____

Print Name

_____

Signature

SUBSCRIBED AND SWORD TO BEFORE ME THIS _____ DAY OF

_____, 202_

_____

NOTARY PUBLIC

4918-6636-4338, v. 3